FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 15 2018  KH

AO 243 (Rev. 09/17)

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

18cv 1070 JB

| United States District Court | District | New Mexico | Docket or Case No.: |
|---|---|---|---|
| Name *(under which you were convicted)*:  Juanita Roibal-Bradley | | | 15-CR-03253-JB-1 |
| Place of Confinement:  Victorville Satellite Camp, Dublin, CA | | Prisoner No.:  822440051 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| V. | | JUANITA ROIBAL-BRADLEY | |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   District of New Mexico - Albuquerque
   333 Lomas N.W., Ste 270
   Albuquerque, NM 87102

   (b) Criminal docket or case number (if you know):  15-CR-03253-JB-1

2. (a) Date of the judgment of conviction (if you know):  3/8/2017

   (b) Date of sentencing:  9/12/2016  AND restitution order on date 12/6/2016

3. Length of sentence:  37 Months for each count to run concurrently

4. Nature of crime (all counts):

   I was indicted on the following:
   1  count Social Security fraud (42 U.S.C 408(a)(4)(1)
   12 counts wire fraud  ( 18 U.S.C. 1343)
   12 counts money laundering (18 U.S.C. 1957)

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐      (2) Guilty ☑      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   I pled guilty to 1 count of Social Security fraud (42 U.S.C 408(a)(4)(1) and 12 counts of wire fraud (18 U.S.C. 1343)

   I did not plead guilty to money laundering counts.   These money laundering counts were dismissed.

6. If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

Page 2 of 13  16

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court:  U.S. Court of Appeals for the Tenth Circuit

(b) Docket or case number (if you know):   Consolidated cases 17-2042 and 17-2114

(c) Result:  Court enforced the appeals waiver in the plea agreement and dismissed cases

(d) Date of result (if you know):  11/28/2017

(e) Citation to the case (if you know):  17-2042 and 17-2114

(f) Grounds raised:

Defendant challenged a portion of the restitution order in the amount of $110,880.95 that relates to counts 2-13 as excessive and caused by an intervening act such that enforcing the waiver would result in a miscarriage of justice since it exceeded the statutory maximum under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §3663A.
(Note: Defendant's counsel failed to challenge that portion of the restitution order relating to counts 2-13 as being unlawful per se given the fact that restitution order was for the cost of private investigation that is not authorized under the MVRA as did counsel in Lagos vs US. )

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  District Court of New Mexico

(2) Docket or case number (if you know):  15-CR-03253-JB-1

(3) Date of filing (if you know):  10/12/2016

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding:  Motion and Amended Motion to Withdraw Guilty Plea (Docs 59 and 61)

    (5)   Grounds raised:

Defendant lacked mental capacity at the time the plea was entered and also states that Defendant was heavily medicated.

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☑

    (7)   Result:  Defendant withdrew motions at court hearing on 12/2/2016  (DOC 88)

    (8)   Date of result (if you know):  12/2/2016

(b) If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court:  District Court of New Mexico

    (2)   Docket of case number (if you know):  15-CR-03253-JB-1

    (3)   Date of filing (if you know):  4/24/2017

    (4)   Nature of the proceeding:  Motion to Enlarge Time to File an Appeal  (DOC 62)

    (5)   Grounds raised:

Defendant asserted excusable neglect in late filing the notice of appeal which was within 20 days of the date of Judgement.  There is no danger of prejudice to the Government in letting this appeal go forward.  The length of the delay for the filing of the notice of appeal is a few days.  The reason for the delay is confusion enhanced by the limited nature of the  representation assignment and the proceedings in this matter.  Lastly, the movant is acting in good faith.  Defendant had limited access to counsel to prepare appeal.

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☑    No ☐

    (7)   Result:  Motion argued 5/8/17 and Court stated was it inclined to deny motion.

    (8)   Date of result (if you know):  6/20/2017

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

| | | | | | |
|---|---|---|---|---|---|
| | | | Third petition:  Yes ☐ | No ☑ |
| (1)  First petition: | Yes ☐ | No ☑ | Fourth petition: Yes ☐ | No ☑ |
| (2)  Second petition: | Yes ☑ | No ☐ | Fifth petition:  Yes ☐ | No ☑ |

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

First petition: The Govt opposed as procedurally untimely after sentencing (DOC 68) and Def withdrew motions.
Second petition: Defendant appealed.
Third petition: The Govt opposed as late (DOC 113) and Court dismissed.  4th Petition: Withdrawn by parties.

Fifth petition:  Withdrawn by Defendant without prejudice with leave of Court to file a complete 2255 motion.

See next page for continuation of Question 11.

AO243 (Rev. 9/17)

Question 11 Continuation Pages   (excludes: Motions to appoint counsel and Motions for continuances)

11(b) If you filed any [*third*] motion, petition, or application, give the same information:

(1) Name of court:   District Court of New Mexico

(2) Docket of case number (if you know):   15-CR-03253-JB-1

(3) Date of filing (if you know):   7/17/2017

(4) Nature of the proceeding:   Motion for Reconsideration (DOC 112)

(5) Grounds raised:   Reasserted ground in Petition #1 to enlargement of time for filing appeal.  Notice of Appeal was filed 20 days after Judge's order.  Defendant requested enlargement of time by 10 days due to extenuating circumstances.   Motion stated that is clear that what occurred in this matter is excusable neglect.  There is no danger of prejudice to the government in letting this appeal go forward.  The length of the delay for the filing of the notice of appeal is a few days.  The reason for the delay is confusion enhanced by the limited nature of the representation assignment and the proceedings in this matter.  Lastly, the movant is acting in good faith.  Defendant also stated she acted in a diligent manner within the restraints of the BOP argues equitable tolling.  Defendant stated that she went to court to file an appeal but states that clerk of the court would not let her file notice of appeal until the Judge's order was filed.  If Judge's order was filed while Defendant was not in prison system, Defendant would have timely filed appeal.   (See DOC 112 and Defendant's Affidavit attached to DOC 112).

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   No

(7) Result:   The Govt opposed Defendant's motion for reconsideration (DOC 113).   Government moved to vacate the hearing on the ground that untimely since District Court lacked jurisdiction during pendency of appeal (DOC 125).   Hearing was vacated on motion by Government and concurrence of parties. (DOC 134).

(8) Date of result (if you know):   12/28/2017

11(b) If you filed any [*fourth*] motion, petition, or application, give the same information:
(1) Name of court:   District Court of New Mexico

(2) Docket of case number (if you know):   15-CR-03253-JB-1

(3) Date of filing (if you know):   11/1/2017

(4) Nature of the proceeding:   Motion to Supplement Record; Motion to Examine Conflict of Magistrate; Motion to Appoint Counsel and Motion to Allow ROR or Home Confinement pending resolution of issues before court  (DOC 127)

(5) Grounds raised:   To supplement record to show that Def. had received pre-indictment plea offer in 2015 and had been advised by counsel not to take the plea offer;   to examine the conflict of magistrate; to allow home confinement during pendency of appeals based on cost savings to government.

AO243 (Rev. 9/17)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   No

(7) Result:  The Government Opposed Motion.  Hearing was vacated on concurrence of parties. (DOC 134).

(8) Date of result (if you know):  12/28/2017

11(b) If you filed any *[fifth]* motion, petition, or application, give the same information:
(1) Name of court:  District Court of New Mexico

(2) Docket of case number (if you know):  15-CR-03253-JB-1

(3) Date of filing (if you know):  1/2/2018

(4) Nature of the proceeding:  Defendant's Response in Inquiry/Petition to Disqualify Magistrate under Rule 28 USCA §455  (DOC 127)

(5) Grounds raised:   Motion to regarding violation of conflict of interest rule in 28 U.S.C §455(b) by magistrate at Defendant's arraignment.   Court deemed Defendant's petition a §2255 motion with leave to amend or withdraw.  Defendant filed a request/motion to withdraw the pending motion without prejudice and leave to amend and file a complete §2255 motion.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   No

(7) Result:  Defendant withdrew petition before adjudication with permission of District Court and without prejudice (DOC 153).

(8) Date of result (if you know):   2/16/2018

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE FIRST PLEA OFFER

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Def. received a first plea offer on 3/25/15 having only 3 counts with a 3-point reduction, no upward departure from the sentencing guidelines, and Def could argue downward variance. See Exhibit A. Counsel did not advise Def. about the offense level, probable sentencing range, and that a plea offer received before indictment is more lenient that a plea offer after indictment. Def. responded by email that she would be willing to plead guilty to a misdemeanor. Counsel said that misdemeanors are never offered and that we may need to fight it all the way and further that he would contact the prosecutor about diversion. See Exhibit B. Counsel said he would setup meeting with US Attorney and advised Def. not to take the first plea offer as he could negotiate a better deal. Def checked with him and emailed him several times regarding the status. Def. even offered to cancel her surgery. Counsel told Def that US Attorney that made the offer was going to leave the US Attorney's office but that his friend (who he had worked with on the Robert Vigil Case) was going to be US Attorney and he would get an extension of the offer and not to worry. Def. spoke again with counsel soon after and she expressed to him concern about the expiration of plea offer and counsel said he had obtained an extension of time and was in process of setting up meeting. Defendant believes that this meeting never took place and that counsel just let the plea offer expire and failed to communicate with Def. Subsequently, Def. was indicted and received a post-indictment plea offer that was worse. See Exhibit F. Consequently, Def. was prejudiced by counsel who failed to advise and communicate with her, failed to negotiate, and allowed first plea offer to expire.

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   This ground relates to ineffective assistance of counsel which is required to be raised in this 2255 motion.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☑   No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:   Motion to Supplement Record

   Name and location of the court where the motion or petition was filed:
   District Court of New Mexico

   Docket or case number (if you know):   15-CR-03253-JB-1

   Date of the court's decision:   12/28/2016

   Result (attach a copy of the court's opinion or order, if available):

   Defendant moved to supplement record (DOC 127). Government opposed Defendant's motion to supplement record (DOC 128). Government stated that Defendant could supplement record as part of a 2255 motion.

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☑

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BEFORE AND DURING THE PLEA HEARING

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel did not negotiate key terms of plea agreement. Counsel did not address issue of restitution in the plea agreement such as a cap or a carveout from the appellate waiver in the case of incorrect sentencing in regard to restitution, and did not request that plea agreement have language that Def could argue downward departure as was in pre-indictment plea offer. Counsel did not allow sufficient time to advise Def. about the plea agreement. Counsel waited until the day of the plea hearing to go over the plea agreement with Def.  Counsel got only part way through the plea agreement and did not explain the appeals waiver or other provisions. Counsel was in a hurry as the court was ready to go and he wanted to hand them the signed plea agreement. Def. reminded counsel that Def had returned all but $275,000 prior to the New Mexico State Bar's disciplinary proceeding.  Thus, Def. would not agree to the $550,000 in the plea agreement. Counsel requested only this one change to the plea agreement. He kept telling Def not to worry as the most Def was going to get was "one year and a day." During the plea hearing, Counsel did not object to the "restitution" language in the plea agreement.  Def. herself attempted to object to such language since she had already paid restitution.  Counsel said "this is a standard provision in every plea agreement I've seen in 15 years" implying that plea agmt terms may not be negotiated. This statement was inaccurate See Ex C.  Counsel stated this to quell Def's objection to the issue of restitution.

(b) Direct Appeal of Ground Two:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

This ground relates to ineffective assistance of counsel which is required to be raised in this 2255 motion.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

AO 243 (Rev. 09/17)

**GROUND THREE:**   PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel further prejudiced Def. by deficient performance during the sentencing hearing and subsequent restitution hearing.  Mr. Bowles showed up 25 mins late for meeting with Defendant before the sentencing hearing and counsel did not review the PSR report with Defendant.  After arrival counsel said to Def. that we did not have time to review as the hearing was starting and we needed to get into the courtroom.  Counsel also said to Def. that she would probably get probation or a sentence of "1 year and a day" because of the payment of full restitution.  If Counsel had reviewed the PSR report he should have known the recommendation was for 39 months.  Counsel never informed the Defendant of that and just told Defendant to say yes to everything.  In Mr. Bowle's sentencing memorandum and at the sentencing hearing, he disputed $110,880 in additional restitution for counts 2-13 as being excessive and due to an intervening cause not caused by Def; however, counsel failed to object to the restitution being unlawful as not authorized by the MVRA.  Similarly, new counsel Mr. Porter failed to challenge at the sentencing hearing. The New Mexico State Bar showed that Def. had already repaid the full amount of $275,000 in restitution.  See Ex E. Also, Def has already fully repaid the $40,929.50 owned to the SSA and Def. did not owe additional $17,863.40 claimed by SSA. See Ex D.  Def. counsel did not research the issue of unlawful restitution, did not cite relevant case law in support of Def, and did not file a motion for reconsideration arguing that the restitution order was unlawful as this was the last opportunity to advocate for Def. prior to an appeal.

(b) **Direct Appeal of Ground Three:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☑

   (2)   If you did not raise this issue in your direct appeal, explain why:

   On direct appeal, counsel raised issue of "excessive" restitution but counsel failed raise ground that $110,880 restitution as unlawful per se because the cost of private investigation is not authorized by the MVRA.
   Also, counsel could not challenge the $17,863.40 on appeal because had failed to object at district court.

(c) **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☐

   (2)   If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   _____

   (3)   Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

   (4)   Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

   (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐   No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

## GROUND FOUR:   PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE MITIGATING FACTORS

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

During the sentencing, Def.'s counsel failed to request a downward variance from the sentencing guidelines based on mitigating factors. Def had repaid over $275,000 in full restitution prior to indictment. Counsel had informed Def that she may receive a lenient sentence if she fully paid restitution before a criminal proceeding.  The sentencing guidelines limit the downward departure for acceptance of responsibility under USSG §3E1.1(a). Yet, Counsel did not request any downward variance from the offense level based on 3553(a) factors nor a downward departure under USSG, Def's motive was to help her relative: 1) Victoria Sweezy made contact with Def and asked for help from Def for herself and her siblings; 2) Def intended to invest the funds of Joseph Sweezy Jr as he requested; (3) Def made diligent efforts to return the money including making partial payments, both large and small; and (4) Def paid back all $275,000 before she was indicted. See Ex E.  Counsel did not move for a downward variance based on mitigating factor which prejudiced Def. In his reply brief, Def counsel also said that Def's early payment of $90,000 "complicated" the calculation of the amount of actual loss instead of advocating for Def.

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

This ground relates to ineffective assistance of counsel which is required to be raised in this 2255 motion.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO243 (Rev. 9/17)

Question 12 Continuation Pages

**GROUND FIVE**

**DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT STATE BAR DISCIPLINARY PROCEEDING LEADING TO THE CRIMINAL INDICTMENT**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In substantial compliance with the New Mexico State Bar's order, on September 18, 2014, Defendant repaid $225,000 to the Joseph Swezey Jr. after having fully repaid Tina Swezey in the amount of $30,406.52. The canceled checks are attached as Exhibit E.     Nevertheless, on September 18, 2014, Mr. Bowles, having been informed by Defendant and her sister that Defendant would make a substantial payment that week, wrote a report to the New Mexico State Bar stating that he no longer had any confidence in Defendant. (See Exhibit F).   When Mr. Bowles learned of the payment later on the same day, Defendant's Counsel did not retract the statement in the first report and merely submitted a supplemental report to the New Mexico State Bar indicating the $225,000 payment. (See id).   Def made the final payment of $38,000 to Joseph Swezey on March 27, 2015.  This final payment was months before an indictment.  But for the action of Mr. Bowles, Defendant was prejudiced because Defendant's counsel contributed to the initiation of a criminal case following the conclusion of the disciplinary matter.

(b)    Direct Appeal of Ground Five:

(1)  If you appealed from the judgment of conviction, did you raise this issue?  No.

(2) If you did not raise this issue in your direct appeal, explain why:

This ground relates to ineffective assistance of counsel which is required this 2255 motion.

(c)    Post-Conviction Proceedings:

Did you raise this issue in any post-conviction motion, petition, or application? No.

If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed: N/A

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

See next page continuation of Question 12.

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds 1, 2 , 4 and 5 were not presented previously in federal court.   These grounds relate to ineffective assistance of counsel at various stages of the criminal proceeding and have to be made by petition under §2255.

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?      Yes ☐      No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:
Jason Bowles, 500 Marquette Ave NW Suite #1060, Albuquerque, NM 87102

(c) At the trial:
not applicable

(d) At sentencing:
Jason Bowles, 500 Marquette Ave NW Suite #1060, Albuquerque, NM 87102.
At restitution hearing: Susan Burgess/ Barry Porter, 400 Gold Ave,SW #910, Alb. NM 87102

(e) On appeal:
Meredith Esser,Fed Pub Def 3032947002; Susan Burgess/ Barry Porter, 400 Gold Ave,SW #910, Alb. NM 87102

(f) In any post-conviction proceeding:
Meredith Esser,Fed Pub Def 3032947002; Susan Burgess/ Barry Porter, 400 Gold Ave,SW #910, Alb. NM 87102

(g) On appeal from any ruling against you in a post-conviction proceeding:

Meredith Esser,Fed Pub Def 3032947002;Susan Burgess/ Barry Porter, 400 Gold Ave,SW #910, Alb. NM 87102

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☐      No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐      No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐      No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is within the time allowed by 28 U.S.C. § 2255.   The 10th Circuit Court of Appeals issued a judgment in consolidated cases 17-2042  and 17-2114 on November 28, 2017, which is less than one year from the date of this motion.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

*vacate the restitution award and/or*

Correct the sentence as follows: (1) reduce the amount of the restitution order from $128,744 to $~~17,860~~ $0 (2) reduce the term of imprisonment from 37 months to 18 months and (3) reduce the term of supervised release from 3 years to 1 year. or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .

(month, date, year)

Executed (signed) on ___*July 12, 2018*___ (date)

_____

Signature of Movant *Juanita Roibal-Bradley*
*# 82440051, J-1*

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

EXHIBIT A -



**U.S. Department of Justice**

*United States Attorney*
*District of New Mexico*

| P.O. Box 607 | Phone: (505) 346-7274 |
|---|---|
| Albuquerque, NM 87103 | Fax: (505) 346-7296 |

March 25, 2014 ~ 2015

*DELIVERED VIA EMAIL*
Robert Jason Bowles
Bowles Law Firm
PO Box 25186
Albuquerque, NM 87125-0186
jason@bowles-lawfirm.com
(505) 217-2680

RE: Ms. Juanita Roibal-Bradley

Mr. Bowles:

The United States intends to seek an indictment charging your client Ms. Juanita Roibal-Bradley with crimes related to the unlawful representation of the Joseph Swezey Estate. Should your client wish to enter a pre-indictment plea agreement, the United States will accept an agreement with the following general terms:

    (1) Ms. Roibal-Bradley pleads guilty to one count of wire fraud, 18 U.S.C. § 1343; one count of money laundering, 18 U.S.C. § 1957; and one count of failure to disclose an event affecting a continued right to SSA Benefits Payments, 42 U.S.C. § 408(a)(4);

    (2) In exchange, the United States would stipulate to a three-point reduction from the criminal offense level, will not move for an upward departure from the sentencing guidelines, and will allow you to argue for a variance and downward departure.

These are only the general terms. Should your client wish to accept this offer, the standard plea agreement terms would apply in a formal written plea agreement signed by the parties. This offer supersedes any prior offers suggested during plea negotiations with the United States in this matter. Finally, this offer will remain open until close of business on Friday, April 10, 2015.

Please contact me with any questions or concerns.

Thank you,

KRISTOPHER N. HOUGHTON
Assistant U.S. Attorney
201 Third St., NW, Suite 900
Albuquerque, NM 87102
(505) 224-1412

*EXHIBIT B*

**Subject:** **Fwd: Pending criminal matter**

**From:** juanitarbradley@gmail.com

**To:** irmasalinas@yahoo.com

**Date:** Saturday, April 4, 2015 12:25:49 PM PDT

fyi
———— Forwarded message ————
From: **Juanita Bradley** <juanitarbradley@gmail.com>
Date: Sat, Apr 4, 2015 at 12:50 PM
Subject: Re: Pending criminal matter
To: Jason Bowles <jason@bowles-lawfirm.com>

thank you. I will do anything. God Bless.
J.

On Sat, Apr 4, 2015 at 11:11 AM, Jason Bowles <jason@bowles-lawfirm.com> wrote:
I understand what you're saying. We will probably just need to find all the way on your case. They never offer misdemeanors in federal court. I think I have had one misdemeanor offered in 20 years and nobody I know has ever gotten a misdemeanor. I think we need to do is talk to Jonathan Kiersten and try and get pretrial diversion rather than them indicting the case.I will push for that and work on it for you

Sent from my iPhone

> On Apr 4, 2015, at 10:38 AM, Juanita Bradley <juanitarbradley@gmail.com> wrote:
>
> Jason:
>
> I have had time to think about the pending matter. I would take a misdemeanor charge with no jail time. There was never any intention to defraud Joseph. He did give me permission. I have made full restitution. In fact because I did not get credit for all of previous smaller disbursements I paid him more than I got. Furthermore, I never charged him any fees for my time to anyone.
> I have been punished alot by being disbarred. I will lose my state pension and my social security if I plead to the felony. I believe that my medical records should support the fact that I had diminished capacity due to my mental problems.
> Please fight for me. I really need your help. I am not trying to be difficult but I am up against the wall.
> Thank you. If you want to discuss this please let me know.
> j.

EXHIBIT C

Examples of Restitution provisions in Plea Agreements in Jason Bowles' other Cases

<u>Prior to</u> Petitioner's Plea Hearing

| Case | Date of Plea Agreement | Sentencing: Does Maximum Penalty include Restitution? | Does Waiver of Appeal Rights include restitution? | Additional Provisions relating to Restitution |
|---|---|---|---|---|
| *Petitioner's case* | *2/6/2016* | *Yes* | *Yes, restitution explicitly mentioned* | *No* |
| US v. Amadeo | 10/8/2014 | Yes | **No, restitution <u>not</u> explicitly mentioned** | No |
| US v. Biggs | 9/8/2015 | Yes | **No, restitution <u>not</u> explicitly mentioned; includes carveout to allow defendant to seek sentence reduction** | No |
| US v. Hurtado | 6/1/2015 | Yes | Yes, restitution explicitly mentioned | Stipulated Minimum Amount of Restitution |
| US v. Mercedes | 3/11/2014 | Yes | **No, restitution <u>not</u> explicitly mentioned** | No |
| US v. Mondragon | 7/17/2014 | **No** | **No, restitution <u>not</u> explicitly mentioned** | No |
| US v. Reese | 7/3/2014 | **No** | Yes, restitution explicitly mentioned | No |
| US v Sanchez | 5/28/2015 | Yes | **No, restitution <u>not</u> explicitly mentioned** | No |
| US v. Mataya | 1/16/2015 | Yes | | Stipulated Minimum Amount of Restitution |
| US v. Solis-Castillo | 7/11/2014 | Yes | **No, restitution <u>not</u> explicitly mentioned** | |

# Social Security Administration
# Billing Statement
## Important Information

Western Program Service Center
P.O. Box 2000
Richmond, California 94802-1791

JUANITA S BRADLEY
PO BOX 91163
ALBUQUERQUE NM 87199-1163

| | |
|---|---|
| STATEMENT DATE: | 05/24/12 |
| ACCOUNT NUMBER: | 56498755801 |
| AMOUNT DUE: | $0.00 |

| | |
|---|---|
| BALANCE FROM PREVIOUS STATEMENT | $40,929.50 |
| PAYMENT RECEIVED - 05/22/12 - THANK YOU. | $40,929.50 |
| NEW BALANCE | $0.00 |

This statement concerns an overpayment of Social Security benefits paid to
JUANITA S BRADLEY, A.

This bill is paid in full.  Thank You.

If You Have Any Questions

If you have any questions, you may call us at 1-800-227-8835 TOLL FREE.  The
office hours are Monday through Friday, 8:00 AM to 4:30 PM PT.  Please have
this statement available when you call.

If you call us using a TDD machine, please pause after you type a few words.
This will give us time to transfer your call to the TDD line.

C

 **OIG** Office *of the* Inspector General

SOCIAL SECURITY ADMINISTRATION

Office of Investigations
1200 Golden Key Circle, Suite 104
El Paso, Texas 79925

Name of Subject: JUANITA ROIBAL-BRADLEY
SSA/OIG/OI File: ELP1500007F
Xref: N/A

July 29, 2016

Ms. Holland Kastrin
Assistant United States Attorney
United States Attorney's Office
201 3rd Street NW, Suite 900
Albuquerque, New Mexico 87102

Dear AUSA Kastrin,

In response to your question regarding the fraud loss associated with this investigation, here is what I have been able to find:

On or about March 21, 2011, the SSA notified ROIBAL-BRADLEY that her Disability Insurance Benefits (DIB) ended during March 2009. It was explained to her that she had been given credit for a nine (9) month Trial Work Period (TWP) and a three (3) month "Grace Period" (GP) from March 2008 through November 2008 (TWP) and December 2008 through February 2009 (GP). ROIBAL-BRADLEY was informed that she owed the SSA $40,972.50. (Exhibit 1)

On or about May 18, 2011, the SSA provided ROIBAL-BRADLEY with a notification titled Important Information wherein she notified that she owed the SSA $40,972.50. (Exhibit 2)

On or about June 15, 2011, the SSA provided ROIBAL-BRADLEY with a notification titled Important Information wherein she notified that she owed the SSA $40,972.50. (Exhibit 3)

On or about October 13, 2011, the SSA provided ROIBAL-BRADLEY with a notification titled Important Information wherein she notified that she owed the SSA $40,972.50. (Exhibit 4)

On or about November 15, 2011, the SSA provided ROIBAL-BRADLEY with a notification titled Important Information wherein she notified that she owed the SSA $40,929.50 because she had been given a credit of $43.00. (Exhibit 5)

On or about December 6, 2011, the SSA provided ROIBAL-BRADLEY with a notification titled Important Information wherein she notified that she owed the SSA $40,929.50. (Exhibit 6)

On or about May 24, 2011, the SSA provided ROIBAL -BRADLEY with a notification titled Important Information wherein she notified that she had been credited with a payment in the amount of $40,929.50 and her new balance was $0.00. (Exhibit 7)

Form OI-6A (11/10/15)

DECLARATION OF LOSSES

District of New Mexico

U.S. vs. Juanita Roibal-Bradley

Case Number: 1:15CR03253-001JB


The Social Security Administration, residing at, 500 Lead Avenue SW, Albuquerque, New Mexico, 87102, in the city (or county) of Bernalillo, is a victim in the above referenced case. We believe we are entitled to restitution in the total amount of $17,863.40.

Our specific losses, harms, or costs as a result of the offense are summarized as follows:

As the Government is the victim in this case, specifically, the Social Security Administration, it is requested that following a conviction you request that $17,863.40 in restitution be made by ROIBAL-BRADLEY.

Please refer to the attached memorandum and exhibits for details of the fraud loss.

Should the court order restitution in this matter please make these payments to the following:

Social Security Administration
Debt Management Section
Attn: Court Refund
OI Case number: ELP1500007F
PO Box 2861
Philadelphia, PA 19122

I declare under penalty of perjury that the foregoing is true and correct.


_____
Ariel Hernandez
Special Agent, SSA/OIG/OI
1200 Golden Key Circle, Suite 104
El Paso, Texas 79925


Executed on 2nd day of August, 2016

# 20 CFR 404.471 - Nonpayment of disability benefits for trial work period service months upon a conviction of fraudulently concealing work activity.

Section 404.471

Nonpayment of disability benefits for trial work period service months upon a conviction of fraudulently concealing work activity.

**(a) Nonpayment of benefits during the trial work period.** Beginning with work activity performed in March 2004 and thereafter, if you are convicted by a Federal court of fraudulently concealing your work activity and the concealment of the work activity occurred while you were in a trial work period, monthly disability benefits under title II of the Social Security Act are not payable for months in which you performed services during that trial work period prior to the conviction (see § 404.1592 for a definition of a trial work period and services). Benefits already received for months of work activity in the trial work period prior to the conviction and in the same period of disability during which the fraudulently concealed work activity occurred, will be considered an overpayment on the record.

**(b) Concealment of work activity.** You can be found to be fraudulently concealing work activity if—

**(1)** You provide false information to us concerning the amount of earnings you received or are receiving for a particular period;

**(2)** You received or are receiving disability benefits while engaging in work activity under another identity (this would include working under another social security number or a forged social security number); or

**(3)** You take other actions to conceal work activity with the intent of fraudulently obtaining benefits in excess of amounts that are due.

As a result of ROIBAL-BRADLEY's work concealment, the SSA determined that she fraudulently received $40,972.50 in DIB while employed after her Trial Work Period and GP. This was an administrative calculation and computer generated figure based on the income inputs made by the SSA. The SSA routinely makes these types of inputs to determine the agency's (SSA) initial fraud loss prior to referring allegations to the SSA/OIG for investigation.

Once the SSA/OIG gathers all the facts and evidence, a report is submitted to the SSA Payment Center, which determines an exact fraud loss. Additionally, a criminal conviction or a guilty plea by the defendant in a case allows the SSA to also collect the benefits that had been provided during the TWP and GP in accordance with Title 20, C.F.R., Section 404.471. (See explanation below)

According to the SSA, ROIBAL-BRADLEY received $56,942.70 in DIB. The SSA also made Medicare Premium payments on her behalf of $1,893.20, totaling $58,835.90. The SSA credited her with $43.00 during November 2011, and she made a payment in the amount of $40,929.50 during December 2011. ROIBAL-BRADLEY's fraud loss is $17,863.40, which includes payments made to her during the TWP and GP as well as Medicare Premiums made during this period. (Exhibit 8)

In the event you desire any additional information relative to this investigation, please contact me at 214-435-5683.

Sincerely,

Ariel Hernandez
Special Agent


Enclosures/Exhibits

Title 20, C.F.R., Section 404.471 explanation

Restitution Information

Exhibits as described above

*EXHIBIT E*

| | | | |
|---|---|---|---|
| Amount: | $30,406.52 | Sequence Number: | 4892757758 |
| Account: | 457022259767 | Capture Date: | 05/22/2014 |
| Bank Number: 12210170 | | Check Number: | 2317638 |



**Electronic Endorsements:**

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|---|---|---|---|---|---|---|
| 05/22/2014 | 004892757758 | 121103886 | Pay Bank | N | | BANK OF AMERICA, NA |
| 05/22/2014 | 007171393374 | 42000314 | Undetermined | N | | FIFTH THIRD BANK |
| 05/22/2014 | 216472405 | 42000314 | Rtn Loc/BOFD | Y | | FIFTH THIRD BANK |

| Amount: | $225,000.00 | Sequence Number: 4592760372 |
|---|---|---|
| Account: | 457002931717 | Capture Date: 10/01/2014 |
| Bank Number: 12210170 | | Check Number: 953903372 |

**Bank of America** 〰〰〰  Cashier's Check   No. 0953903372

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Void After 90 Days    91-170/1221
NAZ

Date 09/18/14 01:50:52 PM

VAN NESS FINANCIAL CENTER
0011    0000281    0106

BANK OF **225000 00**
AMERICA TWO HUNDRED TWENTY FIVE THOUSAND DOLLARS AND 00 CTSCTS

***$225,000.00

Pay ⟩⟩⟩⟩⟩

To The Order Of  JOSEPH SWEEZEY

Remitter (Purchased By):  IRMA C SALINAS

Bank of America, N.A.
PHOENIX, AZ

AUTHORIZED SIGNATURE

⑆0953903372⑆ ⑆122101706⑆ 457002931717⑆

■ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK.  HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS. ■

013077390    bankofamerica.com             www.bankofamerica.com

bankofamerica.com             www.bankofamerica.com

Pay to the Order of BB&T
Jackson Kelly PLLC
Trust Account
(Acct # 5270307312)

www.bankofamerica.com             www.bankofamerica.com

**Electronic Endorsements:**

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|---|---|---|---|---|---|---|
| 10/01/2014 | 004592760372 | 121103886 | Pay Bank | N | | BANK OF AMERICA, NA |
| 10/01/2014 | 2108497712 | 53101121 | Rtn Loc/BOFD | Y | | BRANCH BNKG AND TRUS |

Amount:      $38,000.00          Sequence Number: 4692382180

Account:     457002931717        Capture Date:    04/08/2015

Bank Number: 12210170            Check Number:    1125501163

**Bank of America**  ➤➤➤              Cashier's Check              No. 1125501163

Void After 90 Days     91-170/1221        Date 03/27/15 10:38:42 AM
NAZ

PALM DESERT
0006    0000585    0022

Pay ⟪⟫⟪⟫⟪⟫   BANK OF $38,000.00
            AMERICA                         ***$38,000.00

To The   JOSEPH SWEZEY
Order Of  RE: JUANITA BRADLEY

Remitter (Purchased By):  IRMA SALINAS

Bank of America, N.A.
PHOENIX, AZ

AUTHORIZED SIGNATURE

⑈1125501163⑈ ⑆122101708⑆ 457002931717⑈

◼ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. ◼   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS. ◼

018770720

www.bankofamerica.com              www.bankofamerica.com

www.bankofamerica.com              www.bankofamerica.com

america.com              www.bankofamerica.com              www.bankof

Electronic Endorsements:

| Date       | Sequence     | Bank #    | Endrs Type   | TRN | RRC | Bank Name            |
|------------|--------------|-----------|--------------|-----|-----|----------------------|
| 04/08/2015 | 004692382180 | 121103886 | Pay Bank     | N   |     | BANK OF AMERICA, NA  |
| 04/08/2015 | 2108401164   | 53101121  | Rtn Loc/BOFD | Y   |     | BRANCH BNKG AND TRUS |

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 02 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | )    Cr. No. 15-3253 JB |
| JUANITA ROIBAL-BRADLEY, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

**JUANITA ROIBAL-BRADLEY**, and the Defendant's counsel, Jason Bowles:

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

      a.      to plead not guilty, or having already so pleaded, to persist in that plea;

      b.      to have a trial by jury; and

      c.      at a trial:

            1)      to confront and cross-examine adverse witnesses,

            2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Counts 1-13 of the indictment, charging in Count 1 a violation of 42 U.S.C. § 408(a)(4)(1), that being failure to disclose an event affecting the continued right to Social Security benefits payments, and charging in Counts 2-13 violations of 18 U.S.C. § 1343, that being wire fraud.

## SENTENCING

4.      With respect to Count 1 of the indictment, the Defendant understands that the maximum penalty provided by law for this offense is:

a.      imprisonment for a period of not more than 5 years;

b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of not more than 3 years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

5.      With respect to Counts 2-13 of the indictment, the Defendant understands that the maximum penalty provided by law as to each of these offenses is:

2

a.   imprisonment for a period of not more than 20 years;

b.   a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.   a term of supervised release of not more than 3 years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.   a mandatory special penalty assessment of $100.00; and

e.   restitution as may be ordered by the Court.

6.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7.     The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

8.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

3

## DEFENDANT'S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

### Count 1

a.      Between on or about September 18, 2007, and continuing through on or about March 23, 2011, in the District of New Mexico and elsewhere, I had knowledge of an event affecting my initial and continuing right to any payment of Social Security Disability Insurance Benefits, and I knowingly failed to disclose this event to the Social Security Administration, with the intent to fraudulently secure payment in a greater amount than was due and when no payment was authorized.

More specifically,

b.      On or about September 18, 2007, I submitted an application to the Social Security Administration for Disability Insurance Payments.   As part of the application process, I claimed that my disability prevented me from engaging in any work.   Based on my representations that I was not capable of gainful employment, on March 25, 2008, the Social Security Administration began paying me disability benefits, and continued to pay me such benefits until March 23, 2011.   During the entire time I was receiving Social Security Disability

4

Insurance Payments, I was working full-time as a mediator or supervising attorney at the New Mexico Workers' Compensation Administration and I did conceal and fail to disclose to the Social Security Administration that I was capable of such full-time, gainful employment.

      c.     As a result of my failure to disclose to the Social Security Administration my ability to engage in full-time work, I fraudulently received Social Security Disability Insurance Benefits to which I was not entitled, in an amount in excess of $40,000.

<u>Counts 2-13</u>

      d.     Between on or about March 19, 2012, and on or about June 30, 2013, in the District of New Mexico and elsewhere, I knowingly and with intent to defraud devised and executed a scheme and artifice to defraud individuals and the Estate of J.S., and to obtain money from individuals and the Estate of J.S. by false and fraudulent pretenses, representations, and promises, and, for the purpose of executing my scheme and artifice, caused writings and signals to be transmitted in interstate commerce via wire.

      More specifically,

      e.     On March 19, 2012, J.S. passed away.   One of J.S.'s daughters was named administrator of his estate.   In addition to the administrator, J.S. was survived by another daughter and a son.   J.S.'s estate was worth at least $850,000 and was to be split equally among his three children.   Instead, I devised and executed a wire fraud scheme and artifice wherein I defrauded the Estate of J.S. of an amount in excess of $250,000.

      f.     The administrator knew that I had been a licensed attorney in New Mexico. The administrator did not know that I was not permitted to practice law, having been suspended from the practice of law by the New Mexico Supreme Court, and specifically ordered to "not engage in the private practice of law nor accept any fees for legal services whatsoever."

5

g.    I did not tell the administrator that I was not allowed to be a lawyer and I held myself out as an attorney to the administrator.   I prepared an attorney engagement agreement on the letterhead I used when I was authorized to practice law, "Juanita Roibal Law Offices," and I had the administrator sign that agreement.   Under the terms of that agreement, I was to provide legal services to the Estate of J.S., including locating and distributing the estate's assets.

h.    I did participate in locating the assets of the Estate of J.S.   The administrator received the assets her father had left to her.

i.    In executing my scheme and artifice to defraud, I had the administrator transfer in interstate commerce by wire the remaining assets of the Estate of J.S. from financial institutions located outside of New Mexico to a personal account I held at U.S. New Mexico Federal Credit Union in New Mexico.   In all, between April 18, 2012, and August 15, 2012, I had the administrator deposit into my personal account 11 wire transfers totaling $571,948.98.   The administrator wire transferred the estate's assets to me based on my representations that I, in my purported role as attorney for the estate, would distribute the funds to J.S.'s rightful heirs, the administrator's brother and sister.

j.    I did distribute some of the estate's assets to the administrator's sister and brother but instead of distributing the rest of the estate's assets to their rightful owners, the administrator's brother and sister, I withdrew some of the estate's assets from my credit union account for my personal use.   In all, I stole in excess of $250,000 from the estate and its heirs.

<u>Execution of the Scheme and Artifice</u>

k.    On or about the following dates in 2012: April 18, April 27, May 3, May 10, May 11, June 20, June 26, July 6, July 20, July 23, and August 15, I executed my scheme and artifice by knowingly and with intent to defraud, causing the administrator of the Estate of J.S. to

6

offenses, resulting in an offense level enhancement of 2 levels, pursuant to USSG § 3A1.1(b)(1).

4) The Defendant abused a position of private trust and used special skill in a manner that significantly facilitated the commission and concealment of her wire fraud offenses, resulting in an offense level enhancement of 2 levels, pursuant to USSG § 3B1.3.

5) A specific sentence of no more than 39 months imprisonment is the appropriate sentence in this case. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the

8

facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

### WAIVER OF APPEAL RIGHTS

14.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

### GOVERNMENT'S ADDITIONAL AGREEMENT

15.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

        a.     Following sentencing, the United States will move to dismiss Counts 14-23 of the indictment.

        b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

16.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### VOLUNTARY PLEA

17.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

18.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

### SPECIAL ASSESSMENT

19.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of **$1,300.00** in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 2nd day of February , 2016.

DAMON P. MARTINEZ
United States Attorney

Holland S. Kastrin
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.   To my knowledge, my client's decision to enter
into this agreement is an informed and voluntary one.

Jason Bowles
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the
terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my
rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
relevant Sentencing Guidelines provisions, and of the consequences of entering into this
agreement.

JUANITA ROIBAL-BRADLEY
Defendant

11

*EXHIBIT G*

# BOWLES LAW FIRM

Jason Bowles, J.D. *

315 Fifth Street N.W.
Post Office Box 25186
Albuquerque, New Mexico 87125-5186

Telephone
(505) 217-2680
Facsimile
(505) 217-2681

*Licensed to practice law in New Mexico and Texas

---

## FAX COVER SHEET

**ATT:**            New Mexico Supreme Court

**FAX NO.:**        (505) 827-4837

**FROM:**           Bowles Law Firm

**RE:**             Juanita Bradley

**DATE:**           September 18, 2014

**OPERATOR:**       MRZ

**NUMBER OF PAGES INCLUDING THIS COVER SHEET: 4**
[If you do not receive the total number of pages as indicated above, please notify this office to have this fax re-transmitted.]

## COMMENTS

Please fax file Juanita Bradley's Status Report. Thank you.

## CONFIDENTIAL

The information contained in this facsimile message is confidential and intended solely for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly prohibited. If you have received this facsimile in error, please notify the sender immediately by telephone, and return the facsimile to the sender at the above address via the United States Postal Service. Thank You.

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

No. 23,265

IN THE MATTER OF
JUANITA S. ROIBAL-BRADLEY

An Attorney Disbarred from
The Practice of Law Before the
Courts of the State of New Mexico

## JUANITA BRADLEY'S STATUS REPORT

Juanita Bradley, by and through her counsel, Jason Bowles of Bowles

Law Firm, hereby submits her status report pursuant to this Court's order

dated August 18, 2014.

This Court on August 18, 2014 ordered that Ms. Bradley file status

reports every 30 days with the first report to be filed September 17, 2014.

This report is filed a day late on September 18, 2014. Counsel apologizes

for the late filing and was in St. Louis on a federal criminal case and in

addition was hoping to get a copy of documentation that Ms. Bradley had

indicated would be sent.

Specifically, in recent email correspondence, and in various phone

calls, Ms. Bradley assured the undersigned that her sister, Irma Salinas, had

closed on her refinance and that $225,000 would be sent to counsel for

Joseph Swezey no later than Tuesday of this week, September 16, 2014.

Ms. Bradley indicated to counsel that the $225,000 amount was the entirety

of the proceeds received from her sister's refinance. Ms. Bradley further

stated that she would make arrangements to pay the balance owed to Mr.

Swezey, in monthly installments.

Undersigned counsel informed counsel for the Bar, Jane Gagne, of

these developments. Ms. Gagne mentioned to undersigned counsel via

email the potential problems with monthly payments and will continue to

discuss these issues. Counsel also forwarded to Ms. Bradley the address

information for the attorney for Mr. Swezey and told Ms. Bradley that

copies of the check and any correspondence needed to be sent to Ms. Gagne

as well as undersigned counsel.

To date, counsel has not received any correspondence from Ms.

Bradley on this. Attempts were made to contact her on this date and Ms.

Bradley was unable to be contacted.

At this point, undersigned counsel will continue to work as long as

this Court desires to complete the transfer of funds and obtain compliance

with this Court's Order. Candidly, however, counsel has lost confidence and

cannot assure this Court that anything that Ms. Bradley is representing has or

will be accomplished. Nonetheless counsel is continuing efforts to get the

$225,000 check transferred and to ensure that payment arrangements are made for the balance.

Respectfully submitted,

Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M. 87125-5186
Telephone: (505) 217-2680
Facsimile: (505) 217-2681
Email: Jason@Bowles-lawfirm.com

I hereby certify that I electronically mailed this document to Jane Gagne, Assistant Disciplinary Counsel on the 18th day of September, 2014.

Jason Bowles
Bowles Law Firm

# Fax Send Report

| | |
|---|---|
| Date/Time | : SEP-18-2014 02:42PM THU |
| Fax Number | : 5052172681 |
| Fax Name | : Bowles Law Firm |
| Model Name | : SCX-6x22 Series |

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 388 | 15058274837 | 09-18 02:41PM | 00'54 | ECM | 004/004 | O.K |

## BOWLES LAW FIRM

314 Fifth Street N. W.
Post Office Box 25304
Albuquerque, New Mexico 87125-5304

Telephone
(505) 217-2680
Facsimile
(505) 217-2681

### FAX COVER SHEET

ATT:          New Mexico Supreme Court

FAX NO.:      (505) 827-4837

FROM:         Bowles Law Firm

RE:           Juanita Bradley

DATE:         September 18, 2014

OPERATOR:     MRZ

NUMBER OF PAGES INCLUDING THIS COVER SHEET: 4
(If you do not receive the total number of pages as indicated above, please notify this office to have this fax re-transmitted.)

### COMMENTS

Please fax file Juanita Bradley's Status Report. Thank you.

### CONFIDENTIAL

The information contained in this facsimile message is confidential and intended solely for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly prohibited. If you have received this facsimile in error, please notify the sender immediately by telephone, and return the facsimile to the sender at the above address, via the United States Postal Service. Thank You.

# BOWLES LAW FIRM

Jason Bowles, J.D.*

315 Fifth Street N.W.
Post Office Box 25186
Albuquerque, New Mexico  87125-5186

Telephone
(505) 217-2680
Facsimile
(505) 217-2681

*Licensed to practice law in New Mexico and Texas

---

## FAX COVER SHEET

ATT:            New Mexico Supreme Court

FAX NO.:        (505) 827-4837

FROM:           Bowles Law Firm

RE:             Juanita Bradley

DATE:           September 18, 2014

OPERATOR:       MRZ

NUMBER OF PAGES INCLUDING THIS COVER SHEET: #6
[If you do not receive the total number of pages as indicated above, please notify this office to have this fax re-transmitted.]

## COMMENTS

Please fax file Juanita Bradley's Supplemental Status Report.  Thank you.

## CONFIDENTIAL

The information contained in this facsimile message is confidential and intended solely for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly prohibited.  If you have received this facsimile in error, please notify the sender immediately by telephone, and return the facsimile to the sender at the above address via the United States Postal Service.  Thank You.

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

No. 23,265

IN THE MATTER OF
JUANITA S. ROIBAL-BRADLEY

An Attorney Disbarred from
The Practice of Law Before the
Courts of the State of New Mexico

## JUANITA BRADLEY'S SUPPLEMENTAL STATUS REPORT

Juanita Bradley, by and through her counsel, Jason Bowles of Bowles

Law Firm, hereby submits her status report pursuant to this Court's order

dated August 18, 2014.

After filing her initial report, counsel received an email and copy of

the cashier's check made payable to Joseph Sweezey in the amount of

$225,000.00 (both are attached).

Respectfully submitted,

Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M. 87125-5186
Telephone: (505) 217-2680
Facsimile: (505) 217-2681
Email: Jason@Bowles-lawfirm.com

I hereby certify that I electronically mailed this document to Jane Gagne, Assistant Disciplinary Counsel on the 18th day of September, 2014.

Jason Bowles
Bowles Law Firm

**Melinda Zamora**

| | |
|---|---|
| From: | Irma Salinas <irmasalinas@yahoo.com> |
| Date: | Thursday, September 18, 2014 3:15 PM |
| To: | Jason Bowles; Juanita Bradley |
| Cc: | Melinda Zamora |
| Subject: | Re: Joseph swezey |
| Attachments: | Cashier's Check to Joseph Sweezey.pdf |

Here is a copy of the cashier's check.

Irma

From: Jason Bowles <jason@bowles-lawfirm.com>
To: Juanita Bradley <juanitabradley@gmail.com>; Irma Salinas <irmasalinas@yahoo.com>
Cc: Melinda Zamora <melinda@bowles-lawfirm.com>
Sent: Monday, September 15, 2014 6:10 AM
Subject: Joseph swezey

Juanita - good morning. This is the attorneys name and address for where to send the check. Please copy me on the send so I can provide to the Supreme Court and the State Bar. Thank you.

1



Cashier's Check - Customer Copy     No. 0953903372

Void After 90 Days     91-170/1221     Date 09/18/14 01:50:52 PM
NAZ

VAN NESS FINANCIAL CENTER
0011    0000281    0106

Pay     BANK OF AMERICA     ***$225,000.00

To The Order Of   JOSEPH SWEEZEY

Remitter (Purchased By):   IRMA C SALINAS     Not-Negotiable
Customer Copy
Retain for your Records

Bank of America, N.A.
PHOENIX, AZ     457002931717

---

**Bank of America**     Cashier's Check     No. 0953903372

Void After 90 Days     91-170/121     Date 09/18/14 01:50:52 PM
NAZ

VAN NESS FINANCIAL CENTER
0011    0000281    0106

Pay     BANK OF AMERICA     ***$225,000.00

To The Order Of   JOSEPH SWEEZEY

Remitter (Purchased By):   IRMA C SALINAS

Bank of America, N.A.
PHOENIX, AZ     AUTHORIZED SIGNATURE

⑈0953903372⑈  ⑆122101706⑈  457002931717⑈

■ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. ■     HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS. ■

# Fax Send Report

```
Date/Time      : SEP-18-2014 03:23PM THU
Fax Number     : 5052172683
Name           : Bowles Law Firm
Model Name     : SCX-5x22 Series
```

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|-----|-------------|-----------|------|------|------|--------|
| 389 | 15058274837 | 09-18 03:21PM | 01'10 | ECM | 006/006 | O.K |

## BOWLES LAW FIRM

Albert Bowles, LLC

115 Fifth Street N.W.
Post Office Box 25186
Albuquerque, New Mexico 87125-5186

Telephone
(505) 217-2680
Facsimile
(505) 217-2684

### FAX COVER SHEET

**ATT:** New Mexico Supreme Court

**FAX NO.:** (505) 827-4837

**FROM:** Bowles Law Firm

**RE:** Jeanita Bradley

**DATE:** September 18, 2014

**OPERATOR:** MRZ

**NUMBER OF PAGES INCLUDING THIS COVER SHEET:** 6

[If you do not receive the total number of pages as indicated above, please notify this office to have this fax re-transmitted.]

### COMMENTS

Please fax file Jeanita Bradley's Supplemental Status Report. Thank you.

### CONFIDENTIAL

The information contained in this facsimile message is intended and for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or other use of this communication is strictly prohibited. If you have received this facsimile in error, please notify the sender immediately by telephone, and return the facsimile to the sender at the above address via the United States Postal Service. Thank You.

ORIGIN ID:SFQA  (760) 641-8830
KENYON PUTER FOR
JUANITA ROYAL-BRADLEY
SATELLITE PRISON CAMP
5765 8TH ST
DUBLIN, CA 94568
UNITED STATES US

SHIP DATE: 14NOV18
ACTWGT:3.60 LB
CAD: 6992481/SSF01922

BILL CREDIT CARD

TO  CLERK'S OFFICE
U.S. DISTRICT COURT FOR
NEW MEXICO
333 LOMAS BLVD. NW, ROOM 270
ALBUQUERQUE NM 87102

(606) 348-2000
(THU)
P01                                    REF:

                                       DEPT:



FedEx
Express

J18211808I501av

XX ONMA

TRK#
0201   7837 8521 1533

THU - 15 NOV 10:30A
PRIORITY OVERNIGHT

87102
NM-US  ABQ