IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                                                                                  No. CIV 18-1070 JB/JHR
vs.                                                                                                     No. CR 15-3253 JB

JUANITA ROIBAL-BRADLEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed November 15, 2018 (CIV Doc. 1)("Motion"); (ii) the Petitioner's Motion for Home Confinement and Motion for Furlough to Attend Court Hearings, filed November 20, 2018 (CIV Doc. 3)("Confinement Motion"); (iii) the Petitioner's Motion to Appoint Counsel, filed November 27, 2018 (CIV Doc. 6)("Counsel Motion"); (iv) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 25, 2019 (CIV Doc. 17)("PFRD"); (v) the Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 10, 2019 (CIV Doc. 18)("Objections"); and (vi) the United States' Response to Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 15, 2019 (CIV Doc. 19)("Response"). Having reviewed the decision of the Honorable Jerry H. Ritter, United States Magistrate Judge for the District of New Mexico, Defendant Juanita Roibal-Bradley's Objections, and Plaintiff United States of America's Response, the Court overrules Roibal-Bradley's Objections and adopts the PFRD in full.

**FACTUAL BACKGROUND**

On September 10, 2015, Roibal-Bradley was indicted on: (i) one count of Social Security fraud, in violation of 42 U.S.C. § 408(a)(4)(1); (ii) twelve counts of wire fraud, in violation of 18 U.S.C. § 1343 (2008); and (iii) ten counts of money laundering, in violation of 18 U.S.C. § 1957 (2012)(CR Doc. 1).

On February 2, 2016, Roibal-Bradley pled guilty to: (i) one count of failure to disclose an event affecting the continued right to Social Security benefits payments and (ii) twelve counts of wire fraud. See Motion at 29. The Court accepted the Plea Agreement, filed February 2, 2016 (CR. Doc. 29), on September 12, 2016. See Clerk's Minutes at 1 (CR Doc. 55). On December 5, 2016, the Court held a restitution hearing on the United States' recommendation that Roibal-Bradley be ordered to pay restitution for fees incurred in the retrieval of the funds she fraudulently obtained, see Clerk's Minutes at 1, filed December 5, 2016 (CR Doc. 93), and the Court accepted the recommendation as to restitution. On March 8, 2017, the Court entered judgment, sentencing Roibal-Bradley to concurrent 37-month imprisonment terms, and ordering that she pay restitution to the Social Security Administration ("SSA") and to the fraud victims. See Judgment in a Criminal Case at 3-4, filed March 8, 2017 (CR Doc. 95).[1]

Roibal-Bradley filed her Motion, asserting that she received ineffective assistance of counsel at various stages of her plea negotiations, sentencing, and disciplinary proceedings before the state bar. See Memorandum in Support of Motion Pursuant to § 2255 at 13-35, filed November

---

[1] On March 14, 2017, pursuant to rule 36 of the Federal Rules of Criminal Procedure, the Court entered an amended judgment to correct a clerical error in the restitution it ordered. See Amended Judgment in a Criminal Case at 6, filed March 14, 2017 (CR Doc. 96)("Amended Judgment and Conviction"). In the Amended Judgment and Conviction, the Court ordered restitution in the amount of $128,771.35. See Amended Judgment and Conviction at 6.

15, 2018 (CIV Doc. 2). Roibal-Bradley subsequently filed the Confinement Motion and the Counsel Motion. In the PFRD, Magistrate Judge Ritter addresses, and rejects, Roibal-Bradley's ineffective assistance of counsel claims as well as her arguments in favor of home confinement and request for a hearing. See PFRD at 20.

Roibal-Bradley's sole objection challenges Magistrate Judge Ritter's conclusion that her claim of ineffective assistance of counsel relative to the issue of restitution is not cognizable under § 2255. See PFRD at 14-16. Ultimately, the Court agrees with Magistrate Judge Ritter's conclusion in this regard and overrules Roibal-Bradley's objections.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.3d 656, 659 (10th Cir. 1991)). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived

---

[2]Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

[an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).³

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the

---

³Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana, Kirby v. Janecka, No. 09-2097, 2010 WL 2075414, (10th Cir. 2010), Satterfield v. Scibana, 275 F. App'x. 808 (10th Cir. 2008), and United States v. Satterfield, 218 F. App'x 794 (10th Cir. 2007) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing

cases from other Courts of Appeal where district courts elected to address merits despite potential application of the waiver rule, but Courts of Appeal opted to enforce the waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b), and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. . . .

Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit previously has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption

of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Social Security Administration, No. CIV 11-0132 JB/ACT, 2013 WL 1010401, at *4 (Doc. 24)(D.N.M. Feb. 27, 2013)(Browning, J.), the petitioner failed to respond to the Magistrate Judge's PFRD and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Los Reyes Firewood v. Martinez, 121 F. Supp. 3d 1186, 1195 (D.N.M. 2015)(Browning, J.)(quoting Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 at *4)(internal quotation marks omitted). The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Los Reyes Firewood v. Martinez, 121 F. Supp. 3d at 1195 (quoting Pablo v. Soc. Sec. Admin, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 at *3). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the

magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

**LAW REGARDING RESTITUTION UNDER 28 U.S.C. § 2255**

A habeas proceeding is "an attack by a person in custody upon the legality of that custody." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)(quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). A challenge to the restitution portion of a prisoner's sentence does not challenge custody. See Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (10th Cir. 2008)("[T]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes.")(quoting Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003))(internal quotation marks omitted). See also Kirby v. Janecka, No. 09-2097, 2010 WL 2075414, *1 (10th Cir. 2010)(concluding that the habeas petitioner's claim "fail[ed] to satisfy the substance requirement" of the federal habeas statute, because the "claim challenges only the validity of the state court's restitution order, not his custody").[4] Accordingly, a challenge to a restitution order is not cognizable in a § 2255 petition and must be dismissed. See United States v. Satterfield, 218 F. App'x 794 (10th Cir. 2007)(affirming district court's dismissal of a motion challenging restitution under § 2255 for lack of subject matter jurisdiction)(unpublished);[5] Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009)("[The petitioner] cannot utilize § 2255 to challenge his restitution."); Kaminski v. United States, 339 F.3d 84, 88 (2d Cir. 2003)("A convicted defendant

---

[4]Kirby v. Janecka is an unpublished decision. The Court concludes, however, that Kirby v. Janecka has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order. See note 3 above.

[5]United States v. Satterfield is an unpublished decision. The Court concludes, however, that United States v. Satterfield has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order. See note 3 above.

who receives an allegedly erroneous fine . . . cannot seek post-conviction relief under § 2255[.]"); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)("We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255."); United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002)(holding that the habeas petitioner could not collaterally attack his restitution order in a § 2255 motion, because, while "[c]laims seeking release from custody can be brought under § 2255[,] claims seeking other relief cannot"); Smullen v. United States, 94 F.3d 20, 26 (1st Cir. 1996)("[W]e hold that [the petitioner] cannot challenge his restitution obligation in this § 2255 proceeding."). See also Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (concluding that a challenge to restitution is not cognizable in a petition under § 2254); Satterfield v. Scibana, 275 F. App'x 808, 810 (10th Cir. 2008)(concluding that a challenge to restitution is not cognizable in a petition under § 2241).[6] But see Weinberger v. United States, 268 F.3d 346, 351 n.1 (6th Cir. 2001)(concluding that an ineffective assistance of counsel claim regarding restitution is cognizable under § 2255).

"Likewise, a challenge to a restitution order brought under the guise of an ineffective assistance of counsel claim is not cognizable in a habeas petition, because it does not seek release from custody." United States v. Melot, No. 09-CR-2258, 2015 WL 12778371, at *8 (D.N.M. June 30, 2015)(Armijo, C.J.). See Kaminski v. United States, 339 F.3d at 85 n.1 (2d Cir. 2003)("[E]ven if [the petitioner] could show that his counsel was constitutionally defective in handling the restitution order, we believe that the district court was without subject matter jurisdiction to grant the petition on that basis."); United States v. Thiele, 314 F.3d at 402; Smullen v. United States, 94 F.3d at 26. But see Weinberger v. United States, 268 F.3d at 351 n.1.

---

[6]Satterfield v. Scibana is an unpublished decision. The Court concludes, however, that Satterfield v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order. See note 3 above.

## ANALYSIS

In objecting to the PFRD, Roibal-Bradley argues that her ineffective assistance of counsel claim regarding restitution should be cognizable under § 2255 and reiterates the substantive arguments regarding restitution made in the § 2255 briefing. See Objections at 1-2. As noted in the United States' Response, Roibal-Bradley does not challenge the PFRD's relevant authority or analysis, nor does she cite any authority to support her position that her "redress should be allowed in the § 2255 motion." Objections at 1-2. Roibal-Bradley's challenge to the restitution order and her ineffective-assistance-of-counsel claims concerning the restitution order are not cognizable in this habeas proceeding. The Court, therefore, overrules Roibal-Bradley's objection.

**IT IS ORDERED** that: (i) Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 10, 2019 (CIV Doc. 18), are overruled and the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 25, 2019 (CIV Doc. 17), is adopted; (ii) the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed November 15, 2018 (CIV Doc. 1), is denied; (iii) the Petitioner's Motion for Home Confinement and Motion for Furlough to Attend Court Hearings, filed November 20, 2018 (CIV Doc. 3), is denied; (iv) the Petitioner's Motion to Appoint Counsel, filed November 27, 2018 (CIV Doc. 6), is denied; and (v) a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Juanita Roibal-Bradley
Palm Springs, California

    *Plaintiff pro se*

John C. Anderson
  United States Attorney
Holland S. Kastrin
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*